958 F.2d 1157
 139 L.R.R.M. (BNA) 2936, 294 U.S.App.D.C. 299
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
PRESBYTERIAN-UNIVERSITY HOSPITAL, Petitioner/Cross-Respondent,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent/Cross-Petitioner.
 No. 91-1256.
 United States Court of Appeals, District of Columbia Circuit.
 April 2, 1992.
 
 Before MIKVA, Chief Judge, and SILBERMAN and STEPHEN F. WILLIAMS, Circuit Judges.
 
 JUDGMENT
 PER CURIAM
 
 1
 This case was considered on the record from the National Labor Relations Board and on the briefs and oral arguments of counsel. The arguments have been accorded full consideration by the court and occasion no need for a published opinion. See D.C.Cir.Rule 14(c).
 
 
 2
 The Board found an unfair labor practice in Presbyterian-University Hospital's refusal to bargain with its union over three employees who had, in a Board-approved election, voted to join the union. The hospital objects primarily on the ground that the decision is inconsistent with the Board's new rules governing bargaining units in acute-care hospitals. See 29 C.F.R. § 103.30 (1990). We do not have the authority to consider the new-rules argument, however, because the hospital did not raise that objection before the Board, and because we find no "extraordinary circumstances" excusing the hospital's "failure or neglect to urge [its] objection." National Labor Relations Act § 10(e), 29 U.S.C. § 160(e). When the hospital submitted its Answer to the General Counsel's Complaint in January 1991, the new rules were in effect; the Seventh Circuit nine months earlier had vacated an injunction enjoining the rules from taking effect. See American Hospital Ass'n v. NLRB, 899 F.2d 651 (7th Cir.1990). The fact that the Supreme Court might have reversed the Seventh Circuit does not amount to an "extraordinary circumstance" excusing the hospital's failure to raise the issue; and, in any event, the hospital had ample time to request the NLRB's reconsideration after the Supreme Court affirmed the Seventh Circuit and upheld the rules in April 1991, see American Hospital Ass'n v. NLRB, 111 S.Ct. 1539 (1991), a month before the hospital filed its petition for review in this Court. The hospital should have raised the new-rules issue before the Board, and it should have explained its failure to do so in the brief it submitted to this Court.
 
 
 3
 The Board's failure to request that we reject the new-rules argument as waived does not prevent us from finding a waiver because the § 10(e) bar is jurisdictional and we may raise it on our own. See Sheet Metal Workers, Local Union No. 91 v. NLRB, 905 F.2d 417, 422 n. 10 (D.C.Cir.1990) (citing Woelke & Romero Framing, Inc. v. NLRB, 456 U.S. 645, 665-66 (1982)). The Board sought a ruling on the merits from this Court even though it never considered, in this or any proceeding, whether the new rules apply to situations like the one before us. It is, however, the Board's responsibility in the first instance to interpret its own rules, and we expect that in the future the Board will refrain from asking the court to do its work for it.
 
 
 4
 We find no merit at all in any of the arguments the hospital preserved. In fact, the claims so lack legal significance that, like the Seventh Circuit in a similar case, "we do not understand why the [hospital] has stubbornly refused to comply with the Board's order" that it treat the three Falk Clinic employees as members of the larger existing unit. NLRB v. Southern Indiana Gas and Elec. Co., 853 F.2d 580, 580 (7th Cir.1988). "Bringing this minimal case into this court is a waste of resources;" a university hospital--indeed, any litigant--"should demonstrate greater public responsibility." Id. at 581.
 
 
 5
 Accordingly, it is ORDERED and ADJUDGED that the petition for review is denied and the Board's application for enforcement of its order is granted.
 
 
 6
 The clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.